■ In the Matter of NATALIE GEDULDIG, Individually and on Behalf of Herself and All Other Persons Similarly Situated, Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, COMMUNITY SCHOOL DISTRICT NO. 9, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR *inter alia* to annul a determination of respondent Community School District No. 9 of the City of New York, dated September 10, 1971, which dismissed all attendance teachers assigned to that district, petitioner appeals from a judg-

ment of the Supreme Court, Kings County, dated May 9, 1972, which dismissed the petition without prejudice to any administrative action deemed advisable. Judgment reversed, on the law, with $20 costs and disbursements, and determination annulled. In our opinion, the local Community School District Board, by dismissing *all* attendance teachers (truant officers), effectively destroyed the enforcement of the compulsory attendance provisions of statute (Education Law, §§ 2570, 3205 [subd. 1, par. a]; §§ 3209, 3210, 3212, 3213, 3214) in its district. Under the statute, no persons other than attendance teachers are given the power or authority to enforce the public policy of the State which mandates compulsory education of minors between the ages of 6 and 16 years. The provisions of the Community School District legislation (Education Law, art. 52-A, §§ 2590–2590-n) make clear that the legislative design was that new policies adopted by any local school district board must be in compliance with the other provisions of that statute. Accordingly, District 9 (the sole school district involved on this appeal), by dismissing *all* personnel working as attendance teachers, illegally deprived its area of all means of enforcing the compulsory attendance provisions of law and, in doing so, exceeded its powers. By reason of that action, petitioner was not obliged to exhaust her administrative remedies, since she was entitled to seek judicial relief because her claim is based on the contention that District 9 acted in violation of law (*Matter of Council* v. *Donovan,* 40 Misc 2d 744, 747–748; *Bailey* v. *McDougall,* 66 Misc 2d 161, 163–164, affd. 36 A D 2d 903). Since Special Term also had before it, in companion proceedings, other school districts which are not joined in the instant appeal, where less than all attendance teachers had been dismissed as being in excess, we pronounce the further view that the dismissal of *some* attendance teachers (short of all) leaves the question of the sufficiency of enforcement personnel within discretion of the local district board, subject first to administrative review and later to judicial scrutiny if unlawful or arbitrary determination be made (*Matter of Gray* v. *Board of Educ., Cent. School Dist. No. 2,* 133 N. Y. S. 2d 838, affd. 5 A D 2d 716; *Matter of Ross,* 308 N. Y. 724). Just how many may be dismissed is a matter which should be left first for administrative consideration. Martuscello, Acting P. J., Shapiro, Brennan, Benjamin and Munder, JJ., concur.