■ JUDITH WALDER, Appellant, v MARCEL WALDER, Respondent.—In an action on a separation agreement, in which the defendant husband moved, *inter alia,* to change custody, plaintiff appeals, as limited by her notice of appeal and brief, from stated portions of an order of the Supreme Court, Nassau County, dated January 22, 1976, and from the failure of the said order to award her a counsel fee on the motion. Order modified, on the law and the facts, by (1) deleting therefrom the third, fifth, sixth and seventh decretal paragraphs and (2) by adding thereto a provision that defendant pay plaintiff, as a counsel fee, the sum of $1,029 for her defense of the motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The four stricken paragraphs constitute unwarranted and gratuitous action by Special Term in granting "relief" which defendant did not request in his motion papers. Plaintiff is entitled to a counsel fee for her defense of the motion insofar as it sought to change custody, pursuant to subdivision (b) of section 237 of the Domestic Relations Law. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.

■ ARTHUR WALTERS, Appellant, v HENRY J. HILDEBRAND, Respondent. —In an action *inter alia* to rescind the sale of a business and to compel the surrender of certain promissory notes, plaintiff appeals from so much of an order of the Supreme Court, Queens County, dated September 2, 1976, as, upon enjoining defendant from transferring, assigning or negotiating the said notes, fixed the undertaking which plaintiff was required to file at $15,000. Order modified by reducing the amount of the undertaking to $1,000, upon condition that plaintiff keep current the payments on the notes in issue, together with the interest accruing thereon. As so modified, order affirmed insofar as appealed from, without costs or disbursements; in the event the condition is not complied with, then order affirmed insofar as appealed from, without costs or disbursements. The order enjoins only the transfer, assignment or negotiation of the notes and not their payment. Therefore, to set the value of the undertaking at the face amount of the notes does not reflect the actual damage which may be sustained by defendant. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.

■ In the Matter of LILY BOKHAIR et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to reinstate certain attendance and classroom teachers, petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, dated January 12, 1976, as dismissed, without prejudice, so much of the petition as relates to attendance teachers. Judgment affirmed insofar as appealed from, without costs or disbursements. Since there is absent in this record proof of a total elimination of attendance officers in community school districts, the proper disposition of this proceeding is governed by our decision in *Matter of Geduldig v Board of Educ.* (43 AD2d 840). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.